IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **INTELL J. ALLEN,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:20CV00206 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **WARDEN YOUNG, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Intell J. Allen, Pro Se Plaintiff; Timothy E. Davis, Office of the Attorney General of Virginia, Richmond, Virginia, for Defendants.*

The plaintiff, Intell J. Allen, a Virginia inmate proceeding pro se, brought this civil rights action under 42 U.S.C. § 1983. Allen alleges that various prison officials used, or facilitated the use of, excessive force or ignored his requests for medical care thereafter. The matter is presently before me on a Motion to Dismiss by certain of the defendants. After review of the record, I conclude that the motion must be granted. Allen's remaining claim of excessive force will go forward against defendant Fowler.

I.

In October of 2019, Allen was an inmate a Pocahontas State Correctional Center ("PSCC"). In his Amended Complaint, Allen alleges the following sequence of events relevant to his claims. On October 13, 2019, Correctional Officer Fowler

walked up to Allen (in view of surveillance cameras), shoved him several times, tackled him, and placed him in a chokehold. While Fowler maintained the chokehold, another officer, identified in the Complaint only as John Doe, handcuffed Allen. Allen passed out and defecated on himself. Thereafter, the two officers escorted Allen into a secluded area where there was no camera and continued assaulting him. Officer Deel in the control booth operated the electronic doors to allow the officers to move Allen to another area, off camera. Allen "put in a request to medical about neck pain [and] was never seen." Am. Compl. 2, ECF No. 11.

The Amended Complaint names as defendants Fowler, John Doe, Deel, Warden Young, and the PSCC medical administrator (now identified as Sue Yates). Liberally construed, the Amended Complaint alleges that (1) Fowler and Doe used excessive force against Allen; (2) Young and Deel failed to protect Allen from excessive force; and (3) Yates denied Allen medical care. Fowler has filed an Answer and has not joined in the Motion to Dismiss filed by Young, Deel, and Yates. Plaintiff Allen has responded to the Motion to Dismiss, making it ripe for the court's consideration.

II.

A district court should dismiss a complaint under Rule 12(b)(6) if, accepting all well-pleaded allegations in the complaint as true and drawing all reasonable factual inferences in the plaintiff's favor, the complaint does not allege "enough facts

to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.[1] Moreover, a court need not "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). To state a claim under § 1983, the plaintiff must show direct personal involvement by each defendant in an alleged violation of his constitutional rights. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (noting that liability in civil rights case is "personal, based upon each defendant's own constitutional violations"). In this case, Allen has met the personal involvement requirement as to defendants Fowler and Doe, by alleging that each of them physically assaulted him, causing injuries, in violation of his Eighth Amendment rights. As to the other defendants, the requirement is not met.

---

[1] I have omitted internal quotation marks, alterations, and citations here and throughout this Opinion, unless otherwise noted.

A. Warden Young.

Allen's Amended Complaint alleges only that as Warden, Young "failed to keep [him] safe." Am. Compl. 2, ECF No. 11. None of Allen's submissions allege that Young was personally present or could have physically intervened on Allen's behalf when Fowler assaulted him. Moreover, the Warden's position as a supervisory official does not make him automatically liable for Fowler's alleged unconstitutional conduct. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) ("The doctrine of respondeat superior has no application" in § 1983 action).

> [T]he theory of supervisory liability arises from the obligation of a supervisory law officer to insure that his subordinates act within the law. Although such a supervisor may not prevent all illegal acts by his subordinates, he is obligated, when on notice of a subordinate's tendency to act outside the law, to take steps to prevent such activity. If a supervisory law officer is deliberately indifferent to that responsibility, he then bears some culpability for illegal conduct by his subordinates.

*Randall v. Prince George's Cnty.*, 302 F.3d 188, 203 (4th Cir. 2002) (citing *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994)). Meeting the elements of supervisory liability requires facts showing:

> (1) that the supervisor had actual or constructive knowledge that h[is] subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff;
>
> (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and

> (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.
>
> *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). As to the first element, "[e]stablishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk . . . of constitutional injury." *Id.* As to the second element, a plaintiff "may establish deliberate indifference by demonstrating a supervisor's continued inaction in the face of documented widespread abuses." *Id.* Finally, as to the third element, "proof of causation may be direct . . . where the policy commands the injury of which the plaintiff complains . . . or may be supplied by the tort principle that holds a person liable for the natural consequences of his actions." *Id.*

*Wilkins v. Montgomery*, 751 F.3d 214, 226–27 (4th Cir. 2014). Allen does not state facts supporting a supervisory liability claim against Young regarding Fowler's alleged actions.

First, the Amended Complaint states no facts showing that the Warden knew, before October 13, 2019, that Fowler or Doe presented a risk of violence from which inmates, like Allen, needed to be protected. In an affidavit attached to Allen's original complaint, he alleges broadly that "supervisory officials were aware of the violent propensities of Officer Fowler at [PSCC] and are liable for failing to take action to control[ ] him." Compl., Allen Aff. 2, ECF No. 1-1. Although an Amended Complaint generally takes the place of prior versions of the plaintiff's claims, it does not "divest an earlier verified complaint of its evidentiary value as an affidavit at the summary judgment stage," to the extent that it states facts based on the plaintiff's

personal knowledge. *Goodman v. Diggs*, No. 18-7315, 2021 WL 280518, at *5 (4th Cir. Jan. 28, 2021). Allen's affidavit, however, does not reference any prior incidents involving violent acts by Fowler or Doe that would have put Young on notice of a danger to inmate safety. Second, without knowledge of a risk, Young's failure to take action to protect inmates from Fowler cannot be deliberate indifference and, third, cannot be said to have caused Fowler's alleged assault against Allen. *Wilkins*, 751 F.3d at 226–27. Allen's affidavit, as well as a so-called affidavit attached to his response to the defendants' motion, are *not* built on personal knowledge. They consist of conclusory statements with no factual matter in support, which are insufficient to state a viable claim against Young for supervisory liability. *Bell*, 550 U.S. at 555. I will grant the Motion to Dismiss as to Allen's claims against Warden Young.

B. Officer Deel.

Allen's sole allegation against Deel, as the control booth officer, is that she operated the doors that Fowler and Doe moved through when they escorted him to the second area where they assaulted him. As Allen does not allege that Deel personally participated in the assaults, he is apparently attempting to impose liability on her as a bystander who failed to intervene in the assault on his behalf. A bystanding officer is liable under § 1983 for the unconstitutional acts of her fellow officers if she: "(1) knows that a fellow officer is violating an individual's

constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Randall*, 302 F.3d at 204. Allen fails to state facts meeting these elements. His allegations about the incident do not suggest that Deel was aware of Fowler's initial assault on Allen, that she had any reasonable opportunity to intervene in that incident, or that she knew, when she opened the electronic doors, that Fowler and Doe intended to assault Allen further, off camera. Because Allen's allegations against Deel do not state a plausible claim on which she could be liable for his injuries, I will grant the Motion to Dismiss as to this defendant.

C. Administrator Yates.

Allen has mentioned Yates only by her title, as medical administrator, in the caption of the Amended Complaint. He does not identify any action or omission that she, personally, undertook in violation of his rights. Allen merely alleges that he sent a request to "medical," complaining of neck pain and was not seen. He does not state facts showing that this request reached anyone in the medical department, that Yates played any role in the alleged denial of care, or that she was aware of Allen's complaint about his neck pain. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for [her] name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974).

In any event, Allen also fails to state facts showing that the alleged denial of treatment violated his constitutional rights. To state a constitutional claim concerning the alleged lack of medical care, Allen must show, objectively, that he had a serious medical need for different treatment than he received, and subjectively, that the defendant acted with deliberate indifference — knew of a substantial risk of harm that medical need presented and responded unreasonably to it. *Farmer v. Brennan*, 511 U.S. 825, 834-37 (1994). A serious medical need is one that has "been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016). A showing of deliberate indifference requires showing more than mere negligence, errors in judgment, inadvertent oversights, or disagreements about the proper treatment plan. *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (citing *Farmer*, 511 U.S. at 837).

Allen's submissions do not provide facts supporting either element of an Eighth Amendment claim concerning medical care. He does not describe the nature of his injuries, the degree of pain he experienced, or any other particularized symptoms he exhibited. He also provides no information showing that Yates was made aware of his medical condition or needs. As such, Allen's submissions do not show that he had a serious medical need after the October 13, 2019, incident, or that

Yates was deliberately indifferent. I will grant the defendants' Motion to Dismiss as to this defendant.

### III.

For the reasons stated, it is **ORDERED** as follows:

1. The Motion to Dismiss, ECF No. 19, is GRANTED, and the Clerk shall terminate defendants Young, Deel, and Yates as parties to this action;

2. Defendant Fowler is DIRECTED to file any summary judgment motion, supported by affidavits and other evidence, within 30 days from the entry of this Order, or the claims against him will be set for a jury trial; and

3. Allen is ADVISED that all claims against defendant Officer John Doe will be dismissed without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, unless he identifies this defendant within 30 days from the entry of this Order.

ENTER: March 4, 2021

/s/ JAMES P. JONES
United States District Judge